## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TRISTRATA TECHNOLOGY, INC.     )
                                      )

        Plaintiff,           )

                                   )

      v.                         )     Civil Action No.
                                   )     Jury Demanded

ALTICOR, INC., AMWAY CORPORATION,   )
QUIXTAR INC., ACCESS BUSINESS GROUP,   )
LLC.,                                 )

                                   )

        Defendants.       )

## COMPLAINT AND JURY DEMAND

     Plaintiff, TriStrata Technology, Inc. ("TTI"), by its attorneys, Mayer, Brown, Rowe & Maw, LLP, alleges for its Complaint against Defendants Alticor, Inc., Amway Corporation, Quixtar Inc. and Access Business Group, LLC (collectively, "Defendants"), on knowledge as to itself and its own acts and upon information and belief as to all other matters, as follows:

## SUMMARY OF COMPLAINT

     1.     This is an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §100, et seq. arising out of Defendants' willful and deliberate infringement of the patents described below.

     2.     The patents were issued to Drs. Eugene J. Van Scott and Ruey J. Yu, who are pioneers in the field of the use of hydorxycarboxylic acids in combination with a retinoid and/or alpha-hydroxy-acids ("AHA") for the treatment of conditions associated with the skin. Each of the patents describes and claims a method of using a composition containing a hydoxycarboxylic acid in combination with a retinoid and/or an AHA to treat and/or reduce skin conditions such as wrinkles, fine lines and photo aging on human skin. (The three patents at issue in this suit are collectively referred to as the "TTI Patents.")

3.    TTI provided notice of the TTI Patents to manufacturers, sellers and/or distributors of cosmetic products both in the United States and abroad, including the Defendants. The notice explicitly informed the recipient, among other things, that: (i) the patents had been issued and assigned to TTI; and (ii) TTI was willing to enter into licensing agreements with such entities.  To date, several of the largest manufacturers and/or marketers in the cosmetics industry have entered into such license agreements with TTI, including, without limitation, Avon, Chesebrough Pond's, Elizabeth Arden, Allergan, Beiersdorf, Inc., L'Oreal, Chanel, Neoteric Cosmetics, Inc., and Erno Laszlo and TTI has received substantial royalty payments in return for granting such licenses.

4.    However, Defendants have continued to refuse to recognize the TTI Patents and have willfully and deliberately infringed the TTI Patents by, among other things, promoting the use of their products through national advertisements and otherwise in a manner designed to induce infringement of the TTI Patents.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PARTIES

7.    Plaintiff TTI is a Delaware corporation with its principal place of business at 1105 North Market Street, Suite 1300, P.O. Box 8985, Wilmington, Delaware 19899.  TTI is in the business of developing and licensing novel dermatological, pharmaceutical and skin care product technology.  TTI is the assignee of certain patents issued to Drs. Van Scott and Yu (the "Inventors").

8.    Upon information and belief, Defendant, Alticor, Inc. ("Alticor") is a Michigan corporation with its principal place of business at 7575 E. Fulton Street, Ada, Michigan 49355. Alticor is in the business of manufacturing, distributing and/or selling cosmetic products in this District and elsewhere throughout the United States.

9.    Upon information and belief, Defendant, Amway Corporation ("Amway") is a Delaware corporation with its principal place of business at 7575 E. Fulton Street, Ada, Michigan 49355.   Amway is in the business of manufacturing, distributing and/or selling cosmetic products in this District and elsewhere throughout the United States.

10.    Upon information and belief, Defendant, Quixtar Inc. ("Quixtar") is a Virginia corporation with its principal place of business at 5101 Spaulding Plaza SE, Ada, Michigan 49355. Quixtar is in the business of manufacturing, distributing and/or selling cosmetic products in this District and elsewhere throughout the United States.

11.    Upon information and belief, Defendant, Access Business Group, LLC, ("ABG") is a Michigan corporation with its principal place of business at 7575 E. Fulton Street, Ada, Michigan 49355.  ABG is in the business of manufacturing, distributing and/or selling cosmetic products in this District and elsewhere throughout the United States.

## THE PATENTS

12.    On February 25, 1992, United States Letters Patent No. 5,091,171 entitled "Amphoteric Composition and Polymeric Forms of Alpha Hydroxyacids and Their Therapeutic Use" was duly and legally issued to the Inventors and assigned to TTI.  On September 26, 1995, the PTO completed a re-examination of U.S. Patent No. 5,091,171.  Thereafter, on July 15, 1997, the PTO completed a second re-examination of U.S. Patent No. 5,091,171 and issued Re-examination Certificate B2 5,091,171.   A copy of this patent and its two Re-examination Certificates (collectively "the '171 Patent") are annexed hereto as Exhibit A.  The '171 Patent

describes and claims a method for treating wrinkles by topically applying a composition comprising an alpha-hydroxy-acid.

13.    On August 20, 1996, United States Letters Patent No. 5,547,988, entitled "Alleviating Sign of Dermatological Aging with Glycolic Acid, Lactic Acid or Citric Acid" was duly and legally issued to the Inventors and assigned to TTI.   On July 15, 1997, the PTO completed a re-examination of U.S. Patent No. 5,547,988 and issued Re-examination Certificate B1 5,547,988, in which all of the original claims were confirmed without changes.   A copy of this patent and its Re-examination Certificate (collectively "the '988 Patent") are annexed hereto as Exhibit B.  The '988 Patent describes and claims a method for reducing the appearance of skin changes associated with aging by topically applying a composition comprising a glycolic acid, lactic acid or citric acid or a topically effective salt thereof, to the area of skin exhibiting the sign of aging.

14.    On June 5, 1995, United States Letters Patent No. 5,422,370, entitled "Method of Using 2-Hydroxypropanoic Acid (Lactic Acid) for the Treatment of Wrinkles" was duly and legally issued to the Inventors and assigned to TTI.   On July 15, 1997, the U.S. Patent and Trademark Office ("PTO") completed a re-examination of U.S. Patent No. 5,422,370 and issued Re-examination Certificate B1 5,422,370, in which all of the original claims were confirmed without change.  A copy of this patent and its re-examination certificate (collectively "the '370 Patent") are annexed hereto as Exhibit C.  The '370 Patent describes and claims a method for visibly reducing a human facial wrinkle by topically applying a composition comprising lactic acid and/or a topically effective salt thereof, to the wrinkle.

15.    TTI is the assignee of the '171, '988 and '370 Patents.

16.    TTI's method and compositions for reducing wrinkles and other skin conditions associated with aging, as described and claimed in the annexed patents, has enjoyed excellent commercial success since its introduction.  Indeed, TTI's method has become the method of choice for the consuming public for reducing wrinkles, fine lines and other visible effects of aging on the human skin.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '171 Patent)**

17.    TTI repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.    Defendants have engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxy acids and/or a topically effective salt thereof.  These products, including but not limited to the Artistry product line, are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin – *i.e.*, to use their products in a manner that would infringe the '171 Patent.

19.    By virtue of these promotional activities, Defendants have been contributing to, and continue to contribute to, and/or induce the infringement of the '171 Patent in violation of 35 U.S.C. § 271.

20.    Defendants have received express notice of the '171 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite notice of the '171 Patent and TTI's offer to negotiate a license agreement, Defendants either did not respond to TTI's notice or refused to enter into a license agreement, and continued to induce infringement of the '171 Patent in violation of 35 U.S.C. § 271.

21.    Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '988 Patent)

22.    TTI repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23.    Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxy acids, including but not limited to, glycolic acid, lactic acid, citric acid and/or a topically effective salt thereof.  These products, including but not limited to the Artistry product line, are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin – *i.e.*, to use their products in a manner that would infringe the '988 Patent.

24.    By virtue of these promotional activities, Defendants have been contributing to, and continue to contribute to, and/or induce the infringement of the '988 Patent in violation of 35 U.S.C. § 271.

25.    Defendants have received express notice of the '988 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite notice of the '988 Patent and TTI's offer to negotiate a license agreement, Defendants either did not respond to TTI's notice or refused to enter into a license agreement, and continued to induce infringement of the '988 Patent in violation of 35 U.S.C. § 271.

26.    Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '370 Patent)

27.    TTI repeats and realleges the allegation of paragraphs 1 through 26 as if fully set forth herein.

28.    Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxy acids, including but not limited to, lactic acid and/or a topically effective salt thereof.  These products, including but not limited to the Artistry product line, are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin – *i.e.*, to use their products in a manner that would infringe the '370 Patent.

29.    By virtue of these promotional activities, Defendants have been contributing to, and continue to contribute to, and/or induce the infringement of the '370 Patent in violation of 35 U.S.C. § 271.

30.    Defendants have received express notice of the '370 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite notice of the '370 Patent and TTI's offer to negotiate a license agreement, Defendants either did not respond to TTI's notice or refused to enter into a license agreement, and continue to induce infringement of the '370 Patent in violation of 35 U.S.C. § 271.

31.    Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

WHEREFORE, TTI prays for judgment:

A.    Finding that the '171, '988 and '370 Patents have been infringed by Defendants, as alleged herein;

B.    Awarding damages adequate to compensate TTI for Defendants' infringement, but not less than a reasonable royalty for the use made of the claimed inventions by Defendants, together with interest, including pre-judgment interest, and costs as fixed by the Court;

C.    Finding that Defendants' infringements have been willful and deliberate;

D.    Awarding TTI increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 because of the willful and deliberate nature of Defendants' infringement;

E.    Permanently enjoining Defendants and their officers, agents, servants, employees and affiliates, as well as all others in active concert or participation with them as any of the foregoing, from inducing or contributing to the infringement of the '171, '988 and '370 Patents;

F.    Awarding TTI such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Arthur G. Connolly, III (#2667)
Timothy M. Holly (#4106)
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
Email: aconnollyIII@cblh.com
Email: tholly@cblh.com

Of Counsel:
Michael O. Warnecke
David R. Melton
Robert Unikel
Douglas L. Sawyer
Aric S. Jacover
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue, 15th Floor
New York, NY 10022
(212) 688-9840


DATED: November 14, 2005

13274755